Glodek v Kadmon Holdings, LLC (2018 NY Slip Op 07962)





Glodek v Kadmon Holdings, LLC


2018 NY Slip Op 07962


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Sweeny, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


7679 156177/16

[*1]Kevin Glodek, Plaintiff-Appellant-Respondent,
v
Kadmon Holdings, LLC, et al., Defendants-Respondents-Appellants.


Golenbock Eiseman Assor Bell & Peskoe, LLP, New York (Martin S. Siegel of counsel), for appellant-respondent.
McKool Smith, P.C., New York (Christopher P. Johnson of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered April 18, 2017, which, to the extent appealed from, granted defendants' motion to dismiss the complaint and denied defendants' and plaintiff's applications for sanctions, unanimously affirmed, with costs.
Plaintiff's claims are precluded under the terms of the broad general release of known and unknown claims in the parties' settlement agreement (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276-277 [2011]), and plaintiff has not sufficiently alleged that he was fraudulently induced to enter into that agreement. In fact, plaintiff assumed the risk of the exact reverse stock split that now forms the basis of his fraud claim, as this particular risk was specifically disclosed in Kadmon Holdings' limited liability agreement, which plaintiff admitted reviewing before entering into the settlement agreement (id. at 278; Pappas v Tzolis, 20 NY3d 228, 233 [2012]).
The unjust enrichment claim was also correctly dismissed because the settlement agreement governs the parties' rights and responsibilities (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]).
The motion court did not abuse its discretion in denying defendants' motion for sanctions.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
DEPUTY CLERK